## THE STATE *vs.* MICHAEL P. NERNY.

1. Where a pilot is tried before the commissioners for neglect of duty, he cannot lawfully be tried on any other charge than that which he is cited to answer.

2. If charges are preferred against a pilot for neglect of duty, and the commissioners try him on those charges, and, as a punishment, suspend him from acting under his license for a certain length of time, they cannot afterwards retry him for the same offence and inflict additional punishment.

3. When the term for which he was suspended expires, he can perform his duties as a pilot under his license, and the commissioners have no right, as an additional punishment, to revoke his license.

This *certiorari* was brought by Michael P. Nerny, to set aside an order of the pilot commissioners revoking his license as a pilot.

Argued before the Chief Justice, and Justices OGDEN and VAN DYKE.

*C. Parker*, for the plaintiff in *certiorari*.

*Dayton*, attorney-general, for the commissioners.

The opinion of the court was delivered by

The CHIEF JUSTICE.   This *certiorari* brings up for review the proceedings of the commissioners of pilotage suspending Nerny (a pilot, licensed by the commissioners,) for two months, by an order made on the second day of September, 1858; and also another order, made by the commissioners on November 3d, 1858, revoking the license of Nerny.   Nerny was cited to appear on the 7th July, 1858, to answer to a charge " of neglect of duty as a New Jersey pilot, in getting the vessel Glenroy, Captain Gliddon, ashore, and abandoning her."   He appeared, and the commissioners postponed the hearing to the 2d September, 1858.   On that day he appeared, the charges

VOL. V.                    M

against him were read, the statement, under oath, of the captain of the vessel was received, and witnesses were examined in his behalf. It cannot be denied but that he was then in fact tried upon the charge made in the citation. He could not lawfully be tried on any other charge than that which he was cited to answer.

The commissioners then proceeded to render judgment against him, the character of which appears by their record; that states that, after consultation, it was resolved that M. P. Nerny be suspended for two months from this date for neglect of duty.

This was a final judgment, not an adjournment of the hearing to another day, with an intermediate suspension pending the trial. Upon that hearing they had power to punish him for the neglect of duty by suspension from acting under his license; that was the judgment rendered by them. It was final in form as well as substance. Upon that complaint on those charges the action of the commissioners was final. When the term of suspension had expired, Nerny had paid the penalty of his neglect of duty, and was entitled to exercise his office. They had no power to punish him by installments for the same neglect, to say to him, we will punish you now by suspension, and at the expiration of two months again consider your case upon these charges, and if we think you merit more punishment, inflict it.

The commissioners did not do even that; they inflicted the suspension as a final punishment, and cited him anew (if their record be correct) to appear before them, on the 3d November, to answer the same charges. If the citation was served upon him he was not bound to appear; their power upon those charges was spent.

I am of opinion that the order of November 3d, 1858, revoking Nerny's license was utterly unauthorized by law, upon the plain principle, to be found in every code of law, civil and criminal, " *nemo vis vexari pro eadum causa debit.*"

The view I take of this fundamental question renders

it unnecessary to consider the other questions raised in this case.

The order of the commissioners, made on the 3d November, 1858, must be set aside.